## LEWIS F. CURTIS vs. FREDERICK H. BRADLEY.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The law does not authorize an appeal to this court upon the ground that the evidence introduced on the trial and printed in the record fails to support the facts as found, and does support a different state of facts claimed by the appellant, but which the trial court found was not proved by the evidence.

An original, unaltered memorandum of the material details of a transaction relevant to the issue, shown to be a correct statement of such details and to have been made substantially at the time of the transaction by, or in the presence of, one who then had personal knowledge of such details and of the accuracy of the memorandum and who so testifies, is, in connection with his testimony, admissible as original evidence of the details therein noted, although the witness at the time of trial had lost all recollection of such details.

It does not necessarily follow, however, from the admissibility of such evidence that the writing should be sent to the jury room. If it clearly tends to prove nothing but the fact it was admitted to prove, it should go to the jury room; but if by reason of peculiar circumstances it clearly may be treated by the jury as evidence of other facts not admissible, it should not go to the jury room. Between these two extremes the question is largely one of discretion in the trial judge.

Under the circumstances in the present case it was *held* that the writing was clearly susceptible only of a legitimate use by the jury, and that it was therefore properly marked as an exhibit.

Where the issue was as to whether the plaintiff had paid for the labor and material used in building a house for the defendant, it was *held* that witnesses who had furnished labor and material for several houses

erected by the plaintiff might testify that certain items in their original bills marked "Bradley house," were for labor and material ordered for that house by the defendant's agent; and that they might properly use such bills in connection with their testimony.

The plaintiff and defendant were the respective parties in a former suit wherein one question material to the present case was, apparently, adjudicated. Such suit was, however, begun by a third person and subsequently the present plaintiff, as assignee, was substituted sole plaintiff by order of court. *Held* that the parties were the same in each suit, and the record in the former case was admissible in support of a claim of estoppel by judgment.

[Argued June 5th—decided October 4th, 1894.]

ACTION to recover for work and labor and materials furnished, also upon an account stated; brought to the Superior Court in Fairfield County and tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff and appeal by the defendant for alleged errors of the court. *New trial denied.*

The case is sufficiently stated in the opinion.

*J. C. Chamberlain* and *Elbert O. Hull,* for the appellant (defendant).

I. The court erred in allowing the statement of Curtis as to what Plumb said at various times in the absence of the defendant about the correctness of various items in the bills. *Richmond* v. *Atkinson,* 58 Mich., 413; *Hart* v. *Kendall,* 82 Ala., 144; *Sangster* v. *Dalton,* (Ark.) 12 S. W. Rep., 202; *Crockett* v. *Althouse,* 35 Mo. App., 404; *Phillips* v. *Thompson,* 1 Johns. Ch., 131 (N. Y.); *Woodward* v. *Paine,* 15 Johns., 493 (N. Y.); *Ladd* v. *Abel,* 18 Conn., 519.

The same authorities apply as to the statement of the material men, that where their bills were marked "Bradley Job," that these items were ordered by Plumb for that particular job.

It would also seem as though the court had departed very far from the usual rule in admitting in evidence and having them marked as exhibits, slips to be used as memoranda by the witnesses, especially as there never was the slightest pretext that the witnesses had any knowledge or recollec-

tion of the subject-matter of such slips, which could be refreshed by their use. Greenleaf, Vol. I, § 436; *Thomas* v. *Price*, 30 Md., 483; *Green* v. *Caull*, 16 id., 573; *Richmond* v. *Atkinson*, 58 Mich., 413; *Maxwell* v. *Williamson*, 113 U. S., 656; *Stickney* v. *Bronson*, 5 Minn., 173; *Thomson* v. *McKelvey*, 13 S. & R. 126, s. p.; *Vicary* v. *Moore*, 2 Watts, 451; *Hart* v. *Kendall*, 82 Ala., 144.

II. As to the last assignment of error, namely, that arising from the admission in evidence of the judgment in the former case, there seems to be no difference in the authorities, and no way in which it can be justified. This trial was between different parties, and neither for the purpose of estoppel nor for any other purpose, was the judgment admissible. *Quigley* v. *Bank*, 80 Mo., 296; *Burdick* v. *Norwich*, 49 Conn., 228; *McDonald & Co.* v. *Gregory*, 41 Iowa, 513; *Stoddard* v. *Burton*, id., 582; *Henry* v. *Woods*, 77 Mo., 277; *Bissell* v. *Smith*, 65 N. Y., 432; *Buckingham* v. *Ludlum*, 37 N. J. Eq., 137.

*Allan W. Paige* and *George P. Carroll*, for the appellee (plaintiff).

HAMERSLEY, J. In the summer of 1890 the plaintiff sold the defendant a building lot. In September of that year the defendant decided to have a house erected on the lot. It was then understood that one Simeon E. Plumb, a builder, should build the house, and that the plaintiff, a merchant, should advance the money for the cost of construction. The decision of this case depended on the actual terms of the agreement then made, the defendant subsequently claiming that his only agreement was with the plaintiff, and that by such agreement the plaintiff undertook to have the house built for the agreed price of $1,700. Plumb built the house under the directions of the defendant. The plaintiff paid to Plumb the amount of all bills for labor and materials as they came due. The house was finished in March, 1891, and the defendant accepted and occupied it. At the time the house was completed Plumb and the plaintiff went over

the labor and other bills, and the account of money paid for the cost of construction as charged on the plaintiff's ledger, and at the foot of that account Plumb wrote the following: "I have examined the above account, and find it correct. S. Plumb." The 14th of the same month the plaintiff made a copy of this ledger account and gave it to the defendant as the bill due from him to the plaintiff, in pursuance of their agreement. The defendant examined the bill, obtained the labor and material bills, made inquiries among the men who furnished materials whether the prices of the materials were correct, and found that they were correct. The defendant made no objection to the bill rendered as regards amount or price, except the claim that one item of thirty-two cents was charged twice; but the defendant did object to the total amount of the bill, and refused payment. Subsequently Plumb, as an original contractor, placed a mechanic's lien on the land upon which the house stood, to enforce payment for its construction, and brought an action against the defendant for the foreclosure of said lien. The plaintiff then brought an action against Plumb to recover the money paid for the cost of the house, and garnisheed the defendant as the debtor of Plumb. Subsequently Plumb assigned to the plaintiff his interest in said mechanic's lien, and in the sum due from the defendant to Plumb for the construction of the house, and the plaintiff then withdrew his action against Plumb, and became substituted as party plaintiff in the action to foreclose said lien. The action of foreclosure was tried, and in December, 1892, judgment was rendered in favor of Bradley the present defendant. By the record of the judgment it appeared that the court found that the lien had been made and recorded and had been assigned to the plaintiff, who became sole owner and was the actual and *bona fide* holder and owner of the chose in action; but that the contract for the building of the house had not been made with Simeon Plumb, as alleged in the complaint, and that neither he nor the plaintiff as his assignee was entitled to foreclose the same. After this judgment was rendered the plaintiff brought the present action.

Curtis v. Bradley.

The complaint follows the form called the "common counts," authorized for the commencement of an action. The counts relied on are those for money paid, goods sold and delivered, goods bargained and sold, and work performed and materials furnished, under which counts a bill of particulars was filed detailing each item that the plaintiff claimed entered into the cost of the house; and also the count for money due on account stated, under which count the bill rendered the defendant in March, 1891, was filed as the bill of particulars. The answer is a general denial.

Upon the trial there appears to have been no contest as to the fact that the plaintiff had paid for the construction of the house, and no serious contest as to the accuracy of his account as rendered. The claim of the defendant appears to have been in the alternative—either the defendant's contract was made with the plaintiff for a fixed price, or the contract was made only with Plumb, and therefore the plaintiff has no cause of action against the defendant; the position of the defendant under the latter claim—which was the one mainly relied on in argument—being, that having induced the court in the former action to hold that the contract was not with Plumb, he had escaped all liability on that ground; and if he now induced the court to hold that the contract was made with Plumb, he would escape all liability whatever, and secure his house without any payment, obtaining judicial sanction for the practical theft, under two contradictory judgments.

So far as the record shows, the main question at issue was: What agreement if any, had the defendant made with the plaintiff? It was not claimed on the trial that any question of law was involved in the determination of this issue, and the court found from the evidence that there was an agreement between the plaintiff, Plumb, and the defendant, "that Plumb should perform work in erecting a house for the defendant on this lot. Plumb as carpenter was to work by the day under the defendant's directions, at twenty-five cents an hour, and was to employ other carpenters at the same rate. He was also to order materials and work

other than carpenter work for the house, and have the bills for the same charged to the plaintiff. The plaintiff, at the request of the defendant, agreed to be responsible and liable for all such materials and other work as Plumb should order for the house, and advance the money for the payment of them, and also to advance money to Plumb from time to time as he might require to meet his weekly pay rolls. The defendant agreed that on the completion of the house, in consideration of the money thus to be advanced by the plaintiff for the building of said house, and in consideration of the building of the same, he would repay the plaintiff the total amount of the moneys so paid out by the plaintiff." Upon these facts the court rendered judgment that the plaintiff recover of the defendant the sum of $2,974.51, such sum being, as the court found, the total amount paid by the plaintiff in pursuance of that agreement, with interest. From this judgment the defendant appeals.

The appeal contains two distinct grounds for an appeal from the judgment. First, because the evidence introduced on the trial and printed in the record, does not support the facts found by the court below, but does support a different state of facts claimed by the defendant, and which the court below found were not proved by the evidence. The law does not authorize an appeal from the judgment of a trial court for such reasons, and this court will not take jurisdiction of such appeal. *Styles* v. *Tyler*, 64 Conn., 432. The record discloses no reason for the correction of the appeal on the ground that the finding of facts does not fairly present the questions of law actually raised and decided. Second, because the defendant is entitled to a new trial on account of errors alleged to have been made in the admission of evidence. Under this ground of appeal four errors are assigned.

*First:* The plaintiff offered in evidence certain slips of paper, testifying that Plumb came to the store each Saturday during the building of the house, and gave him the names of the men employed by him during the week and their time; that the plaintiff wrote down at the time in the

presence of Plumb on these slips these names, the hours of time, the amount due each man, the total amount due, and the date; that he paid Plumb the total amount of money called for by each slip, and filed the slip on a spindle; and that he had no personal knowledge of the facts so stated to him by Plumb and so written by him on the slips, but that he made such memoranda correctly as Plumb then stated the facts to be. Plumb had already testified that he had employed these men on the Bradley house, and that the slips of paper were correct statements of the facts of each case as far as he could recollect; that he knew them to be correct when made, and that he had given the names, hours of time, and the amounts to the plaintiff, in the manner that the plaintiff subsequently testified, and that after deducting his own wages he paid each man the amount due him. This evidence was offered to prove that the plaintiff had incurred liabilities and paid out moneys upon the order of and as required by Plumb as agent for the defendant, in the manner agreed upon by the parties, and to prove the correctness of the items and prices. The defendant objected to the introduction of these slips, and to the testimony of the plaintiff and of Plumb as shown. The court admitted the slips, not as themselves evidence apart from the oral testimony, but as memoranda made at the time and in the manner shown, and to be used by the witnesses Plumb and Curtis in the manner indicated, the witnesses reading the contents of the slips, and admitted the testimony of Curtis and Plumb in connection with them as stated. Said slips were marked as exhibits.

*Second:* The plaintiff offered in evidence certain bills, testifying that they were rendered him from time to time, and that he went over the bills with Plumb in the defendant's absence, at various times as they came due, while the house was building or upon its completion; that some of these bills were exclusively for materials and work for the defendant Bradley's house, and some contained other items not for that house, and Plumb picked out the items of material and work that went into the Bradley house, and

stated that the items and prices were correct; that when
the designation " Bradley house " was not in the body of
the bill when rendered, as it was in many bills, he, the
plaintiff, wrote it in at the time in Plumb's presence and
correctly as given to him, and that he also made the check
marks appearing on the bills when offered in evidence, to
indicate Plumb's assent to the correctness of the items and
prices; that these check marks were made in Plumb's pres-
ence and correctly as then stated by him to the plaintiff,
and that he could not recall those items or prices without
referring to the bills and memoranda made on them at the
time.  Plumb had already testified that he had given the
orders to the persons thus rendering bills to the plaintiff,
and that he had gone over these bills in the manner that
the plaintiff testified, and that he had stated to the plaintiff
that the items and prices as picked out were correct, and
that these items represented materials and labor that had
gone into the house, and that he had no recollection of the
details of those items independently of the bills and the
memoranda upon them, which he had seen at the time and
which he then knew to be correct.  This evidence was
offered to prove that the plaintiff had incurred liabilities
and paid out money as required and ordered by Plumb as
agent for the defendant, in the manner agreed by the parties,
the correctness of the items and prices, and that the mate-
rials went into the Bradley house.   The defendant objected
to the introduction of the bills and to the testimony of the
plaintiff and of Plumb as above set forth.   The court did
not admit the bills marked and designated as stated, as them-
selves evidence apart from the oral testimony, but admitted
them as memoranda made or seen by witnesses who at the
time either had knowledge of their truth, or made them
upon the statements of one who had such knowledge at the
time, and to be used by witnesses in the manner shown, the
witnesses reading their contents as marked, and their value
depending upon the oral testimony accompanying them, and
admitted the testimony of the plaintiff and Plumb as stated
above.

There is no error in the above rulings. The court found that Plumb was authorized by the defendant to perform, and to employ, the labor on the house, and present his weekly pay rolls to the plaintiff; also to order other work and materials for the house, and present the bills for such materials and work to the plaintiff; that the plaintiff was authorized by the defendant to pay to Plumb such weekly pay rolls, and to pay such bills for materials and work so ordered by Plumb, and charge the amounts of the pay rolls and bills so paid by him against the defendant. The court was bound to admit the testimony of the plaintiff and of Plumb as to the liabilities incurred and the payments made under such authority. The use of the slips and bills made at the time of the transaction and known to the witnesses to have been correctly made, as memoranda to be used by them in connection with their oral testimony, comes within the settled rules of evidence. "A witness may, while under examination, refresh his memory by referring to any writing made by himself at the time of the transaction concerning which he is questioned, or so soon afterwards that the judge considers it likely that the transaction was at that time fresh in his memory. The witness may also refer to any such writing made by any other person, and read by the witness within the time aforesaid, if when he read it he knew it to be correct." Stephen's Digest of Evidence, Art. 136. "How far papers, not evidence *per se*, but proved to have been true statements of fact, at the time they were made, are admissible in connection with the testimony of a witness who made them, has been a frequent subject of inquiry, and it has many times been decided that they are to be received. And why should they not be? Quantities and values are retained in the memory with great difficulty. If at a time when an entry of aggregate quantities or values was made, the witness knew it was correct, it is hard to see why it is not at least as reliable as the memory of the witness." *Ins. Cos.* v. *Weides*, 14 Wall., 380; *Bridgewater* v. *Roxbury*, 54 Conn., 213.

The defendant also claims error in marking the slips as

exhibits, on the ground that if they might properly be read by the witness they are not themselves admissible as evidence.

Courts in other jurisdictions have made different rulings as to the admissibility of such a writing. In England it is excluded. In Massachusetts and some other States it is excluded. *Costello* v. *Crowell*, 133 Mass., 355; *Morrison* v. *Chapin*, 97 Mass., 72; *Dugan* v. *Mahoney*, 11 Allen, 572. In Vermont it seems to be treated as evidence. *Lapham* v. *Kelly*, 35 Vt., 195. In New York and some other States the writing is admitted as evidence. *Guy* v. *Mead*, 22 N. Y., 462, 465; *Mayor* v. *2nd Ave. R. R. Co.*, 102 N. Y., 572; *Haven* v. *Wendell*, 11 N. H., 112; *Kelsea* v. *Fletcher*, 48 N. H., 282; *State* v. *Rawls*, 2 N. & McC. (S. C.), 331; *Pearson* v. *Wightman*, 1 Constitutional Court Rep. (S. C.), 167; *Owens* v. *State*, 67 Md., 307; *Anchor Milling Co.* v. *Walsh*, 18 S. W. Rep., 905. In the Federal jurisdiction the question is still open. In *Ins. Cos.* v. *Weides, supra*, the court indicates the admissibility of the evidence, but the opinion in *Bates* v. *Preble*, 151 U. S., 155, shows that the court is not committed to the general doctrine that such memoranda are admissible for any other purpose than to refresh the memory of the witness. We do not attempt to cite all the cases bearing on the question, or to weigh the conflicting authorities; for we are satisfied on principle that the evidence in question is admissible. The discussion would be endless unless confined to the precise question presented, which may be stated as follows:—

The litigated question is, did the plaintiff pay to the agent of the defendant a certain sum on a certain date, as wages due for labor performed by a certain man employed by the agent? The plaintiff and the agent testify that a sum was paid for such purpose; that at the time of payment the agent gave to the plaintiff the exact amount due, and the name of the employee entitled to the same, and the plaintiff then, in the presence of the agent, wrote on a piece of paper the date, the amount and the name; that these items as then written by the plaintiff were correct; that the paper produced in court is the identical paper then written upon

by the plaintiff and since unchanged; that they have no recollection either before or after examining the paper, of the date, the amount, or the name. Is that paper admissible as evidence?

All courts concur in holding that the witness may read the statement of such paper to the jury, and that the jury may draw the conclusion that the statement so read to them is a true statement of the facts; but some courts hold that the paper is not evidence.

It seems to us to be pressing the use of a legal fiction too far, for a court to permit the statement made by such paper to be read as evidence, while holding that the law forbids the admission as evidence of the paper which is the original and only proof of the statement admitted. In other words, it would seem as if in admitting the paper to be so read, the court of necessity admitted the paper as evidence, and therefore, by the concurrent authority of all courts, the paper is itself admissible. But, waiving the question whether in admitting such paper to be read the courts have gone so far as to make the denial of its admissibility no longer tenable, we will deal with the matter as if wholly undecided. Is the paper itself admissible as evidence? Its admissibility in the first instance depends on its relevancy. Of this there can be no doubt. Being relevant, it must be admitted, unless excluded under some legal principle, or rule of public policy, which forbids the admission of certain classes of evidence, no matter how relevant and material. It cannot be said that the paper is not capable in its nature of being treated as competent evidence. Legal evidence is not confined to the human voice or oral testimony; it includes every tangible object capable of making a truthful statement, such evidence being roughly classified as documentary evidence. In oral evidence the witness is the man who speaks; in documentary evidence the witness is the thing that speaks. In either case the witness must be competent, *i. e.*, must be deemed competent to make a truthful statement; and in either case the competency of the witness must be proved before the evidence is admitted; the difference being that

in oral evidence the competency is proved by a legal presumption, and in documentary evidence the competency must be proved by actual testimony; and the further difference, that in oral evidence the credit of the witness is tested by his own cross-examination, while in documentary evidence the credit of the witness is tested by the cross-examination of those who must be called to prove its competency.

The competency of this paper is clearly established by the testimony, and it would seem to follow of necessity that it should be admitted on the same ground that any relevant and material documentary evidence, proved to be competent, is admitted. The doubt has arisen from the complication of the admissibility of such paper with the right of a witness to refresh his memory. In fact, the two questions may be entirely distinct. The right of a witness to refresh his memory is a settled and necessary rule of evidence. The application of that rule is often difficult, involving delicate distinctions. We are not called upon now to draw the line which limits the right of a witness to the use of such aids as, under the subtle laws of association, serve to refresh his memory. All courts recognize that right, and rightly hold that the thing used to refresh the memory is not by reason of such use itself admissible as evidence. When in the application of the rule a document like the one in question was presented to the witness and absolutely failed to refresh his memory, its exclusion as a means of refreshing his memory became imperative; but the evidence of the document was so clearly essential to a fair and just trial, that its use in some form seemed also imperative. Instead of treating the paper as itself competent documentary evidence, resort was had to a palpable fiction; the paper is read by the witness, and the knowledge the witness once had of the facts stated by the paper is imputed to him as still existing, and the statement of the paper is received as the testimony of the witness, and the paper itself, the only witness capable of making the statement, is excluded. The use of such a fiction in the administration of justice can rarely if ever be

justified. It is certainly uncalled for in this instance. The principles of law invoked to justify the fiction are amply sufficient to support, indeed to demand, the admission of the document as evidence. There is no occasion to sacrifice truth in order to secure justice. As regards its admissibility as evidence, there is no substantial difference between this paper and any other tangible object capable of making a truthful and relevant statement. It is true that a writing may be a mere declaration and practically equivalent to a spoken declaration, and so be excluded as hearsay evidence. This possibility has played a conspicuous part in the discussions that have finally resulted in the admission as evidence of account books, whether kept by a clerk or by a party to the suit (a subject closely related to the one in hand but involving too large a field to justify an attempt to define that relation). But it is also true that a writing may, by reason of the circumstances under which it was made, be a documentary witness to the fact the paper itself tends to prove, and this although the particular writing may also in a certain sense be a declaration. Indeed, nearly all documentary evidence is in a certain sense a declaration; yet it is admitted as a witness, not of a declaration, but of a fact. We think this paper is admissible as a documentary witness. Suppose the litigated question turns on the dimensions of a man's foot. A witness produces a plaster cast of the foot; the testimony conclusively shows that the cast was so taken that it can state accurately the dimensions of the foot. Another witness produces a paper, on which the exact meas urements are written; the testimony conclusively shows that the paper also was so made that it can state accurately the dimensions of the foot. Is it not evident that the paper and the cast is each a witness to the fact that each tends to prove? How does the paper now in question differ? Upon this paper was stamped an accurate delineation of existing facts. In the one case the fact stated by the document relates to a physical object, and in the other to a mental object; but in both cases the fact is clearly relevant and accurately stated by the document. It is immaterial whether

or not a critical analysis may impute to these documents, to a greater or less degree, some element of a declaration; the controlling principle of law is not based on such refinements. If there is any element of a declaration, it does not make the document in a legal sense a declaration. The conditions required by law to make such documents legal evidence are: the substance offered as a witness must be proved to have been made or found and preserved in such manner that it states directly, accurately, and truly, a fact relevant and material to the issue. The paper claimed as evidence in this case fulfills these conditions.

In the discussions on the admissibility of account books, it has often been assumed that such books are declarations and are admitted as exceptions to the class of hearsay evidence. Without stopping to consider whether such ground for the admission of account books is logically accurate, and if so, whether the same reasoning applies to this paper, we will assume that it may be classed as hearsay evidence. It should then be admitted as an exception to the rule excluding such evidence. The limits of the field covered by the term hearsay evidence are so uncertain, and the exceptions are so many and important, that it is often very difficult to draw the distinction between those matters that are admitted as not subject to the rule, and those that are subject to the rule but excepted from its operation. It is significant that most matters supposed to be covered by the rule, whose relevancy and materiality come to be recognized as so close and clear that their admission seems essential, come to be classed as exceptions to the rule. If this paper must be classed as a declaration and hearsay evidence, it must also be classed as an exception to the operation of the rule. The reasons on which the rule is founded plainly do not apply to such evidence, and the arguments adduced in support of the admissibility of this paper as original evidence are sufficient to demonstrate that it does not come within the reason of the rule excluding hearsay evidence. Whether this paper is not within the scope of hearsay evidence, or being hearsay evidence is excepted from the operation of the rule, as not within

its reason, is immaterial so far as concerns the question of admissibility; though the distinction may be quite material as affecting the symmetry of the law of evidence, and the clear understanding of the underlying principles that must control the development of that law.

It does not however necessarily follow from the admissibility of such evidence, that the document should be sent to the jury room. Under the general rule of practice the jury must depend on their memory in the case of oral testimony, but may take documentary evidence to their consultation. But there is a difference in documentary evidence. Some is not given to the jury, either because its possession is agreed to be of no consequence or is inconvenient, or the document is of such a nature that it testifies to facts not relevant, in addition to the relevant facts. It might be claimed in the case of some writings offered in proof of the facts stated by the writing, that a jury would confuse the effect to be given such writing with the peculiar effect sometimes given to a record or a deed, and so give an illegal weight to the evidence. Possibly some such consideration may have had influence in keeping such writings from the jury, but whatever force such a consideration may once have had, it is entitled to little weight under the present policy of the law, which tends to submit to the jury all relevant and material evidence, and even trusts them to discriminate the allowance to be made for the interest of a party to the suit, or the character of a convicted felon. If the writing admitted in evidence clearly tends to prove nothing but the fact that it was admitted to prove, it should go to the jury. If by reason of peculiar circumstances it clearly may be treated by the jury as evidence of other facts not admissible, it should not go to the jury. Between the two extremes the question is largely one of discretion in the trial judge.

In the present case it is clear that the writing could only be used for its legitimate purpose, and that the court did not err in marking it as an exhibit. The conditions under which the general question we have discussed may arise are so various, and the different principles that may be involved

in each case are so related, that there is special need to con-
fine the application of the views expressed strictly to the
particular question presented in this case.   The only point
now decided is :—

A memorandum of details which are essential to the full
proof of a transaction at issue, proved to have been made
substantially at the time of the transaction, and under such
circumstances that the memorandum can make a correct
statement of such details as they were then known to the
person who made the memorandum or saw it made, and who
is himself a witness and testifies to the transaction but has
lost all recollection of such details, is in connection with the
testimony of such witness admissible as evidence; because
such memorandum is in itself evidence of a fact closely
relevant, plainly material, and essential to a just trial, and
because no principle of the law of evidence, or rule of public
policy, justifies its exclusion ; and such memorandum may
properly be marked as an exhibit.

*Third :* The persons rendering the bills above mentioned
testified that the bills as a whole were correct, as regards
amounts and prices, and that when the body of the original
bill indicated what items went to the Bradley house, those
items of material and labor were ordered for that house by
Plumb.   The defendant excepted to the admission of the
testimony of these · persons.   The error assigned by the de-
fendant is that the court erred in allowing the evidence of
the parties furnishing this material, to the effect "that
where the body of the original bill indicated what item went
to the Bradley house, these items of materials and labor
were ordered for that house by Plumb."   The fact that the
money paid by the plaintiff was paid for materials used in
building the house and ordered for that purpose by Plumb
as the agent of the defendant, was a fact in issue, and the
testimony of the persons from whom it was claimed that
Plumb had so ordered such materials that he had in fact
ordered the same, was relevant to that issue.   The use by
such witnesses in their testimony of the bills made by them
at the time, in pursuance of such orders from Plumb, and of

Curtis *v.* Bradley.

the written memoranda made by them at the time to the effect that Plumb, the agent of the defendant, ordered the materials specified, for the defendant's house, is plainly authorized by law.

*Fourth:* The plaintiff offered the record of the judgment above mentioned, in the case of Curtis, assignee of Plumb, v. Bradley, for the purpose of showing that in this case the defendant was estopped from claiming that the contract for the erection of the house was made with Plumb. The court admitted the record against the objection of the defendant. The fact that the contract for the construction of the house was not made with Plumb was one material fact at issue in this case, and the plaintiff was entitled to show that the defendant was estopped from claiming that the contract was made with Plumb. It is not claimed that the record of a judgment in a case between the same parties, which appears on its face to have adjudicated a matter in issue between them in a subsequent action, is not admissible in the latter suit in support of a claim of estoppel; but the claim is that in this case the parties to the record offered were not the same as the parties to the present suit. This claim has no foundation in fact. The plaintiff in this suit was the actual plaintiff in the former action, and moreover was substituted for the nominal plaintiff, and by such substitution became also the plaintiff of record. General Statutes, §§ 981, 887, 888, 889. *Buckingham's Appeal from Probate*, 60 Conn., 143.

A new trial is denied.

In this opinion the other judges concurred.