THE NEW HAVEN TRUST COMPANY, RECEIVER, *vs.* JOHN B. DOHERTY ET AL.

Third Judicial District, Bridgeport, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action by the receiver of an insolvent life insurance company against its former officers, the complaint alleged that the defendants wrongfully drew out certain sums from its mortuary fund and wrongfully failed to return them either to that fund or to the company's treasury, whereby said sums were wholly lost to the company. The answer denied this, and alleged that the sums drawn from the mortuary fund were used in paying death claims and the expenses of their investigation and settlement. *Held* that the real issue was not the misconduct or negligence of the defendants in effecting settlements and in paying excessive charges for expenses and commissions, but whether the money not received by the beneficiaries had been in fact paid out for expenses or had been lost to the company.

In support of their contention the defendants offered in evidence a memorandum book kept by one of them, showing the manner in which the money in question had been expended. *Held* that the book was not inadmissible because its entries contradicted those upon the regular books of the company and the sworn statements in the company's report to the insurance commissioner, however culpable or unlawful the defendants' conduct may have been.

A memorandum of details essential to the full proof of matters in issue, which is shown to have been correctly made at the time of the occurrences, is admissible in evidence.

Argued October 30th, 1901—decided January 8th, 1902.

ACTION by the receiver of an insolvent life insurance company to recover damages for the wrongful depletion and diversion of its mortuary fund, brought to the Superior Court in New Haven County and tried to the court, *Roraback, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff for alleged errors in the rulings and conclusions of the court. *No error.*

The complaint, containing eight counts, alleged that on eight different occasions in 1896 and 1897 the defendants, who were officers and directors of the company,—said Doh-

erty being secretary and the defendant Platt being president, and later vice-president of the company,—wilfully and wrongfully drew from the mortuary fund of the company a sum of money for the payment of a mortuary claim, knowing that the whole of said sum was not required to satisfy the claim ; that in each case the amount paid the beneficiary was less than the sum so drawn, and that the defendants failed to return such balance to the mortuary fund or to the treasury, and that it was wholly lost to the company.

The defendant denied the principal allegations of the complaint, and by a special defense alleged, in substance, that the balances in question had been paid out for the benefit of the company in the settlement of said death claims.    These averments were denied by the reply.

It was found that the mortuary fund, which was required to be kept as a separate fund for the payment of death claims, had been insufficient to meet the demands upon it ; that during the period in question it was largely indebted to the general, or expense or dividend fund, and that there was no money in the mortuary fund ; that in December, 1895, with the approval of the board of directors, the defendants made an agreement with one Sherman to investigate and compromise certain mortuary claims which were thought by the company to be unjust, Sherman to receive one half the amount saved and the company to pay all expenses : that under said agreement a number of claims, including those in suit, were settled at a total saving of about $23,000, one half of which was paid to Sherman, those in suit being settled by payment of the sums named in the complaint ; that in each case the full amount of the policy was charged to the mortuary fund, and entered upon the books of the company and in the sworn report to the insurance commissioner, as paid to the beneficiaries.   The trial court found that the differences between the amounts charged to the mortuary fund and the sums paid to the beneficiaries, were expended in paying the commissions and other expenses of the adjuster and other legitimate claims connected with the mortuary fund, and were not lost to the company ; that the defendants received no money or benefit

from the transactions, and that the balances so expended, as well as the sums paid to the beneficiaries, were paid from the expense fund of the company.

It appeared that the differences between the amounts charged to the mortuary fund and the sums paid to the beneficiaries, were not entered upon the regular books of the company, nor the expenditures of such balances. A part of such expenditures were made by checks of the company, and a part of these balances passed into the hands of Doherty, who had the special management of such settlements, and were paid out by him in cash or by his own checks. To prove that said balances were paid, as claimed, for the benefit of the company, the defendants offered in evidence a book labeled " Sherman Mortuary Settlements," and which Doherty testified was kept by him in his desk in the company's office as an account of mortuary settlements, and was taken away by him when he left the employ of the company in 1898, and that the pencil entries showing the amount drawn from the mortuary fund, the amount paid back and credited to the divident fund, the amount paid to the beneficiary, and the expenditure of the balances after settlement, were made by him at the time of the settlements and payments referred to. Plaintiff objected to the admission of the book in evidence, upon the grounds, among others, that the entries were not made upon a book of the company and in the usual course of business, and that they were contradictory of the entries upon the company's books and of the sworn returns of the defendants to the insurance department. The court admitted the book in evidence, and upon these facts, against the plaintiff's claim, rendered judgment for the defendants.

*Henry C. White* and *Leonard M. Daggett,* for the appellant (plaintiff).

*William H. Ely* and *Lucien F. Burpee,* for the appellees (defendants).

HALL, J. We cannot regard this case as an action for damages for the misconduct or negligence of the defendants,

as officers and managers of the insurance company, in having made an unlawful contract with Sherman for the investigation and settlement of the mortuary claims in question, or in having paid excessive charges for commissions and expenses for procuring such settlements, or in having improperly used the money of the mortuary fund for the payment of other than death claims.　These are not the issues raised by the pleadings.

Each count of the complaint alleges that the defendants wrongfully drew a certain sum from the mortuary fund, and wrongfully failed to return it either to that fund or to the company's treasury, whereby it was wholly lost to the company.

Under their denial and special answer the defendants claimed that the sums alleged to have been drawn from the mortuary fund were in fact taken from the dividend fund; that in each case the full amount drawn was expended in the payment to the beneficiary, and of the expenses of investigation and settlement; and that the company thus received the full benefit of all the sums charged against the mortuary fund.

The only issues in the case were those of fact raised by the defendants' denial of certain paragraphs of the complaint and the plaintiff's denial of the averments of the answer.

That the balances in question had, in effect, been paid by the defendants to the expense fund, was rightly treated as a sufficient answer to the complaint charging that these balances had been wrongfully taken from a fund of the company and not returned, and had been thereby wholly lost to the company.　From the record the real question between the parties seems to have been whether the balances had been actually expended in payment of the expenses of the settlements, and so in effect returned to the expense fund.

The finding sustains the defendants' claim that the money was not lost to the company but was in fact used in payment of the expenses of the settlement of mortuary claims.　The transactions as found by the court were, in effect, that the differences between the amounts charged to the mortuary fund and the sums paid to the beneficiaries were returned to

the expense fund and paid out by the company for expenses. The judgment must therefore stand, unless there was error in receiving the memorandum book as evidence that the balances were expended as the defendants claimed.

Whether regarded as a book of the company or as a private memorandum book of Doherty's, it was not error to admit it as evidence of the manner in which the money in question had been expended, in connection with the testimony of Doherty showing the character of the entries and that he made them at the time of the transactions referred to, unless it was rendered inadmissible from the fact that its entries contradicted those upon the regular books of the company and the sworn statements in the report to the insurance commissioner. Apart from such objection it was admissible as a memorandum of details essential to the full proof of transactions in issue, proved to have been correctly made by one of the defendants at the time of such transactions. *Curtis* v. *Bradley*, 65 Conn. 99, 114.

But the book in question was not offered for the purpose of contradicting the entries upon the regular books and records of the company that these balances had been paid to the beneficiaries. It is the plaintiff and not the defendants who claim that these entries are false, and the plaintiff's right to recover in this action depends upon the fact that these balances have not been paid to the beneficiaries as stated in the company's records. In that respect this case differs materially from the cases cited by the plaintiff.

Having alleged, as it has also proved, that the sums charged upon the records of the company to the mortuary fund, as paid to the beneficiaries, were not in fact so paid, the plaintiff alleges that the balances remaining in the defendants' hands have not been paid back to the treasury of the company, but have been wholly lost to the company, and denies the averment of the answer that these balances have been expended for the benefit of the company in the compromise of mortuary claims. However culpable or unlawful may have been the acts of the defendants in keeping the books of the company, and in making their reports to the board

of directors, and to the insurance commissioner, in the manner they did, we think, under the pleadings in this case, they were rightly permitted to prove by the memorandum book, as well as by other evidence, that they had not failed to return to the company the balances in question, but had paid them to the treasury of the company in the manner claimed by them.

There is no error.

In this opinion the other judges concurred.