EDMUND C. WOOD *vs.* WILLIAM E. HOLAH.

Third Judicial District, New Haven, June Term, 1906.

BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In a suit by a real estate broker to recover on an alleged agreement of the defendant to pay a certain sum on the consummation of an exchange of property in which his father was interested, the defendant may be asked on cross-examination whether, in previous negotiations for exchange which had fallen through, he did not understand that the commission would be charged to the father. As, however, the fact sought to be elicited is not in itself material, its exclusion is harmless.

A memorandum made by a broker employed originally by one party but authorized to act for both, must, in order to be admissible as independent evidence, be proved to have been, when made, a correct statement of the terms then assented to by the principals. It is not sufficient that he sets down, as the terms agreed upon, those to which he thinks the contracting parties have, or should have, given their assent.

Argued June 5th—decided July 30th, 1906.

ACTION on contract, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Nicholson,*

*Acting-Judge ;* judgment for defendant, and appeal by plaintiff. *No error.*

*Frederick W. Holden,* for the appellant (plaintiff).

*Edward F. Hall,* for the appellee (defendant).

HAMERSLEY, J. This action is brought upon an alleged oral contract between the plaintiff and the defendant. The substance of the material facts appearing in the finding is as follows : —

About March 23d, 1904, the plaintiff, resident in Stratford, was acting as a real estate broker in the employ of one John W. Fancher, to negotiate an exchange of a farm in Stratford owned by Fancher. One Charles Holah owned a house and lot in Bridgeport, and prior to March 23d inquired of the plaintiff if he knew of any farms for sale near Bridgeport. After several interviews, the plaintiff told Holah of the Fancher farm and urged him to look at it. With the view of effecting an exchange of Fancher's farm for Holah's city lot, the plaintiff secured the co-operation of one Mrs. Stevens, who owned a property for which Fancher was willing to exchange his farm, and arranged for a transaction between the three by which Mrs. Stevens should exchange her property with Holah, and Holah being thus possessed of Mrs. Stevens property should exchange that with Fancher for his farm. One of the terms of the proposed transaction was that Holah should pay Fancher $300 in cash. This Holah declined to do, and his refusal brought the transaction to a standstill. At this point the defendant, William E. Holah, son of Charles Holah, being desirous that his father should move into the country, signed and delivered to the plaintiff the following written agreement: " I hereby agree to pay E. C. Wood, the sum of $180, provided the exchange in property between my father and John W. Fancher is consummated, as by the terms of the agreement made this day." This transaction fell through because Mrs. Stevens withdrew

from the negotiations, and thereupon it was agreed that the above written agreement was of no force and should be destroyed. After some time and negotiation, one William Beardsley was secured to act as a third party for an exchange. An agreement between Fancher, Beardsley and Charles Holah was negotiated by the plaintiff, similar in its nature but different in detail from the agreement formerly arranged between Fancher, Stevens and Charles Holah, and this latter agreement was consummated. Thereupon the plaintiff claimed that prior to his active participation in securing Mr. Beardsley, the defendant made an unconditional oral contract with him that in consideration of the plaintiff's promoting the exchanges contemplated between Fancher, Beardsley and Charles Holah, the defendant would pay the plaintiff the sum of $180 if said exchanges were effected. The defendant denied making such a contract. Whether or not such an oral contract was made was the main issue tried to the court. The court found that the defendant did not make, with the plaintiff, an oral contract as claimed by the plaintiff and alleged in the complaint.

The main error assigned by the plaintiff and urged in in his brief is that the court committed some error in law in reaching this conclusion of fact. This claim of error is not well founded. We find nothing in the evidential facts detailed in the finding to justify the claim that the conclusion of the court is one the court could not legally reach.

The defendant appeared as a witness for himself. He was asked upon cross-examination whether, during the negotiations between Fancher, Stevens and Charles Holah, it was not his (the defendant's) understanding that the plaintiff would charge a commission to Charles Holah, and the question was excluded by the court. Apparently it might properly have been allowed on cross-examination, but the fact it sought to elicit was not in itself material, and the exclusion was harmless.

Charles Holah having testified that by the terms orally agreed upon by himself and Fancher as a basis of the ex-

change through Stevens, which was not accomplished, he did not agree to give Fancher a mortgage of $500, the plaintiff, for the purpose of contradicting Holah and supporting his own testimony as to this fact, produced and offered in evidence a writing purporting to be an unsigned memorandum of agreement containing the terms agreed to orally between Fancher and Charles Holah. The plaintiff testified that in making the memorandum he had acted as the authorized agent of Fancher and Charles Holah; but it did not appear that the writing had ever been presented to Charles Holah, or that he knew of its contents, or had authorized the plaintiff to prepare a writing of that nature.

The writing was properly excluded. To be admissible as independent evidence, the writing should have been proved to have been, at the time it was made, a correct statement of the terms then assented to by Fancher and by Holah.   *Curtis* v. *Bradley*, 65 Conn. 99, 108 *et seq.*, 31 Atl. 591. It is not sufficient that the scrivener, although an agent of each party expecting pay from both, sets down what is in his own mind as the terms which he thinks have been or ought to be assented to by the contracting parties.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.