Territory v. Harwood.

[No. 1298, August 9, 1910.]

# TERRITORY OF NEW MEXICO, Appellee, v. THOMAS M. HARWOOD, Appellant.

## SYLLABUS (BY THE COURT.)

1. The penal provision of Chapter 31 of the Session Laws of 1876, (C. L. Sec. 1427), directed against the uniting of persons in marriage under age, were not repealed by Chapter 32 of the laws of the same session. (C. L. Sec. 1430.)

2. Alleged errors in the charge of the court not called to the latter's attention by motion for new trial will not be considered by this court.

3. Uniting in marriage a female under the age of fifteen is penalized by C. L. Sec. 1427 and knowledge by the officiating officer that such female is under such age is not a necessary element of the offense.

4. A written memorandum may not be used to aid or supplement the recollection of a witness unless its correctness when made is first established and a conviction based solely upon the contents of a memorandum which has not been so verified cannot be sustained.

Appeal from the District Court for Valencia County before IRA A. ABBOTT, Associate Justice. Reversed and remanded.

MODESTO C. ORTIZ and EDWARD A. MANN for Appellant.

Chapter 32, Laws of 1876, repeals the penal provision of Chapter 31, Laws of 1876. C. L., secs. 1427, 1430; 4 Words and Phrases 3748; 8 Words and Phrases 7332; Bishop on Marriage and Divorce, 6 ed., sec. 105; 1 Lewis Suth. Stat. Cons., 2 ed., sec. 251; Norris v. Crooker, 13 How. 429, 13 L. ed. 210; U. S. v. Tyner, 11 Wall. 88, 20 L. ed. 153; Nichols v. Squire, 5 Pick., Mass. 168; People v. Tisdale, 57 Calif. 104; State v. Massey, 103 N. C. 356; 9 S. E. Rep 632.

If there was no legal evidence to support the verdict

Territory v. Harwood.

it will be set aside. Territory v. Pino, 9 N. M. 598; People v. AhLoy, 10 Cal. 301; Territory v. Edie, 6 N. M. 555; 2 Greenleaf on Evidence, sec. 363; Blackburn v. Crawford, 3 Wall. 175, 18 L. ed. 186; 2 Stark 612, 2 Lon. ed.; 1 Greenleaf Ev., sec. 493; Sitler v. Gehr, 105 Pa. St. 577, 51 Am. Rep. 207; Clark v. Trinity Church, 5 W. and S. 266; Clyatt v. U. S., 197 U. S. 207, 19 L. ed. 726; Wiborg v. U. S., 163 U. S. 632, 41 L. ed. 289.

In a statutory crime in which "knowingly" is made one of the elements, it must appear that the act was done with a guilty knowledge of its consequences. U. S. v. Claypool, 14 Fed. 127; Territory v. Cortez, 103 Pac. 264; U. S. v. Cassidy, 67 Fed. 698; U. S. v. Terry, 42 Fed. 317; U. S. v. Kirby, 7 Wall. 482, 19 L. ed. 278.

FRANK W. CLANCY, Attorney General, for Appellee.

No exception shall be taken on appeal to any proceeding in the court below except such as shall have been expressly decided in that court. C. L. 1897, sec. 3139; Laws, 1907, chapter 57, sections 37, 46; Territory v. Watson, 12 N. M. 422; Territory v. Yarberry, 2 N. M. 454; Territory v. Gonzales, 14 N. M. 31, 39; Territory v. West, 14 N. M. 557; Territory v. Caldwell, 14 N. M. 543; Padilla v. Territory, 8 N. M. 564.

Good faith and a lack of intention to violate the law constitutes no defense in this case. Territory v. Church, 14 N. M. 226, 234, 235.

Matters not raised by a motion for a new trial and made a matter of record by a bill of exceptions will not be considered upon appeal. Territory v. Christman, 9 N. M. 587.

This court will not pass upon any alleged errors in the court below unless opportunity was given to the trial court to correct any errors or supply defects. U. S. v. Adamson, 106 Pac. 653; U. S. v. Cook, 103 Pac. 305, 307; Territory v. West, 14 N. M. 554, 557; McKenzie v. King, 14 N. M. 381; Territory v. Gonzales, 11 N. M. 456; Territory v. Chaves, 9 N. M. 282; Territory v. Archibeque, 9 N. M. 404; Maxwell v. Tufts, 8 N. M. 400-1; Ford v.

Springer Ass'n., 8 N. M. 59; Railway Co. v. Saxton, 7 N. M. 305; U. S. v. Duran, 6 N. M. 175; Territory v. Baker, 4 N. M. 274; Palma v. Weinman, 13 N. M. 235-6; Territory v. Watson, 12 N. M. 421-2.

The appearance of a person is a matter of evidence competent and proper for the consideration of courts and juries in determining the matter of age. 1 Wigmore on Evidence, sec. 222, note 1; 2 Wigmore on Evidence, sec. 1168; State v. Arnold, 13 Ired. Law 192; Hermann v. State, 73 Wis. 250-1; State v. Robinson, 32 Oreg. 51, 52-3; People, ex rel. v. Justices, 10 Hun. 225-6; Comm. v. Hollis, 170 Mass. 435; Commonwealth v. Phillips, 62 Mass. 504.

The facts are stated in the opinion.

## OPINION OF THE COURT.

POPE, C. J.—The defendant Harwood was indicted for unlawfully uniting in marriage a female under the age of fifteen years. From a sentence, following a conviction and the overruling of the usual motions, he has appealed.

The first assignment of error is that the indictment states no offense. This proceeds upon the contention that the penal provisions of the statute under which the proceedings were brought have been repealed. The indictment is under Chapter 31 of the laws of 1876 appearing as Comp. Laws, Sections 1426 to 1430. Sections 2 and 3 of that act (C. L. Sec. 1426 and 1427) are as follows:

"No person authorized by the laws of this Territory to celebrate marriages, shall unite in marriage, knowingly, any male under the age of twenty-one years, nor any female under the age of eighteen years without the consent of their parents or guardians under whose care and control such minor may be, and all marriages of any male under the age of eighteen years and of any female under the age of fifteen years, are absolutely invalid." C. L. Sec. 1426.

"If any person prohibited from contracting marriage by sections one thousand, four hundred and twenty-five and one thousand four hundred and twenty-six, shall violate the provisions thereof by contracting marriage contrary to the provisions of said sections, he or they shall

be punished by fine on conviction thereof, in any sum not less than fifty dollars; and every person authorized under the laws of this territory to celebrate marriages, who shall unite in wedlock any of the persons whose marriage is declared invalid by the previous sections of this act, on conviction thereof, shall be fined in any sum not less than fifty dollars." C. L., Sec. 1427.

Section 1426, it will be noted, prohibits knowingly uniting in marriage any male or female under the ages respectively of 21 and 18. In the case of males under 18 and females under 15 the prohibition is absolute and the marriage is declared invalid. In the case of others the marriage is permissible by consent of parents or guardians. It is thus seen that only in cases where the male is under 18 and the female under 15 is the marriage declared invalid, and as to these the act of uniting in marriage is made penal.

The same legislature by an act passed seven days after that above quoted, (L. 1876, C. 32, C. L. Sec. 1430) provides that "No marriage * * between or with infants under the prohibited ages shall be declared void except by a decree of the district court upon proper proceeding had therein."

The argument is that by this later act making such marriages not *ipso facto* void but simply voidable by decree of court there has been repealed the provision of Chapter 31 denouncing as penal the uniting in marriage of persons where marriage is declared invalid by that chapter.

1   We cannot, however, concur in that view. It will be noted that C. L. Sec. 1427 does not denounce the celebrating of invalid marriages but of marriages which are by the preceding sections "declared invalid." These latter are marriages within prohibited degrees of consanguinity (C. L. sec. 1425) and as we have seen the marriages of males under 18 and females under 15. When the legislature provided that such marriages should be declared void only by court decree, it left them none the less contrary to law and none the less among those "declared invalid" by the preceding act. The effect of the later act was simply to render less harsh the operation of the statute

upon the participants in such illegal marriage and their possible and innocent offspring. That the cohabitation of the former should not necessarily be concubinage and the status of the latter bastardy the legislature provided that the marriage should be declared void only by decree of court. But this was entirely apart from the penalties upon one who celebrated such a marriage. It was manifestly not intended that he should be absolved from punishment simply because a degree of consideration became expedient for those whom he had assisted into the predicament of a prohibited marriage. We therefore deem the earlier act still in force and the indictment founded upon it good against the attack upon it.

Complaint is also made of certain instructions of the court. It being the settled rule of this court that only such errors of this character as are brought to the attention of and sought to be corrected in the trial court will be considered by us, we will confine our consideration of the criticisms upon the charge to what is stated in the motion for a new trial. This latter alleges as to the charge solely that the court erred "in giving the jury the following instructions attached to this motion and made part of this motion,. conveying the idea to the jury to find the defendant guilty as he, the defendant, knowingly had violated the law when there was no evidence to warrant said charge." To the motion is attached the entire charge of the court. The criticism above set out is not clear. Whether construed as an attack upon the charge because there was no evidence to show knowledge of the age of the female, or because the definitions of "knowingly" were inaccurate, we deem it equally untenable for the reason that in our opinion the statute does not make such knowledge an element of the offense. A reference to the language of the act above quoted will show that while there is a prohibition against knowingly uniting in marriage males and females under 21 and 18 respectively, when we reach the portions of the statute where the marriages therein declared invalid—i. e., marriages between relatives and of females under fifteen—are treated, the penalty is for simply "uniting in wedlock

Territory v. Harwood. .

any of the persons whose marriage is declared invalid." The reasons for a difference in the degree of legislative strictness in the cases of very youthful persons as compared with those who while minors are of more mature years, need no elaboration. We are of opinion that the marrying of a female under fifteen belongs to ,the class of statutory misdemeanors where knowledge of the person's age and an intent to marry one under age is not a necessary element of the offense. In a matter of such importance to the race the law imposes upon the officiating officer the duty of ascertaining at his peril the age of the persons marrying. We deem this case within the principle of Territory v. Church, 14 N. M. 226, where the authorities on this point were fully reviewed.

It is finally urged that the verdict below is without evidence to sustain it for the reason that there is no adequate proof of the age of the female. This contention we feel, upon a careful examination of the record, constrained to sustain. The only evidence upon this point is that of the priest who testified that he christened. the girl in July, 1894, at which time she was eight days old. The marriage having been performed on June 24, 1907, this was for the moment a showing that she was when married under fifteen. The further examination of the witness showed, however, that he personally did not know the girl in question and that he had no recollection of her birth or the christening and that his only knowledge of the matter came from a memorandum made about the time, which latter however he failed ·to state was correct when made. This memorandum was in the form of a church record showing baptisms, which, while clearly and indeed confessedly not admissible as a church record under C. L. 3030, constituted a memorandum which upon the proper showing the witness was at liberty to consult to refresh his recollection. It was referred to once or twice by the witness while on the stand but was not offered in evidence.

The rule of course is that a witness may refresh his recollection by consulting a memorandum known by him to be correct, and if after so doing he can testify to the facts, such testimony is competent evidence thereof.

If, however, such consultation fails to stimulate memory and to bring knowledge, the testimony is not necessarily lost. He may still—if he can—testify that the memorandum was made at the time when recollection was fresh and that when so made it spoke the truth. Then, according to the ancient practice, he might state or read its contents to the jury. State v. Brady (Ia.) 100 Iowa 191, 69 N. W. 290; Lipscomb v. Lyon, 19 Neb. 511, 522; Mims v. Sturdevant, 36 Ala. 636; Mason v. Phelps, 48 Mich. 126, 131; Mineral Company v. Keep, 22 Ill. 21; Haven v. Wendell, 11 N. H. 112; 1 Greenleaf, sec. 437. Or, according to the weight of modern authority, the paper might be introduced in evidence. 1 Wigmore on Evidence, sec. 754; Curtis v. Bradley, 65 Conn. 99, 48 A. S. R. 177; Haven v. Wendell, 11 N. H. 112; Bryan v. Moring, 94 N. C. 687; Nehrling v. Herold Co., 112 Wis. 558; Moots v. State, 21 O. S. 653. In the latter event the paper, in connection with the testimony of the witness as to its verity, becomes, to quote from the leading case of Acklin's Executor v. Hickman, 63 Ala. 498, 35 A. R. 54 "the equivalent of a present positive statement of the witness, affirming the truth of the contents of the memorandum." This question as to whether the memorandum itself may be admitted or whether the witness, having theoretically refreshed his recollection by consulting a paper that arouses no recollection, may simply read or state its contents to the jury, is left an open question in courts controlled by the federal decisions, by Bates v. Preble, 151 U. S. 154. The absurdity of perpetuating the latter legal fiction is impressively pointed out in Curtis v. Bradley, 65 Conn. 99, *supra,* and Mason v. Phelps, 48 Mich. 126, 131 *supra.*

In the present case, however, we are not called upon to determine the true rule on this point for the memorandum was not introduced and the witness without objection stated its contents to the jury. The sole question here is as to the sufficiency of the proof. Whether one or the other of the rules above outlined is followed or whether the memorandum is used simply to stimulate memory which thereupon becomes awakened thereby, it is an essential at the basis of the use of all memoranda that they

shall be shown to have been correct when made. 1 Wigmore on Evidence, sec. 747; Acklin's Ex. v. Hickman, 63 Ala. 498; Imhoff v. Richards, 48 Neb. 590; Nehrling v. Herold Co., 112 Wis. 558.

Without such proof the memorandum lacks all probative or auxiliary value and is available for no purpose. In the present case we find this fatal lack, in that nowhere in the record is there testimony to show that the memorandum consulted by the witness was correct when made. While the vocation of the witness and the purpose for which the memorandum was made are matters calling for judicial respect they do not supply the fact uniformly held essential to the use of a memorandum for any purpose, that its accuracy shall be guaranteed. The record in this condition presents the case of a conviction based solely upon the contents of a memorandum many years old, the correctness of which when made is in no wise legally established. This we cannot sustain.

The cause is accordingly reversed and remanded with directions for a new trial.